**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**VS.**                                        **4:04CR00286-01-WRW**

**MICHAEL PATTERSON**                                                                 **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Reconsider his Motion to Suppress and to Allow Defendant to Withdraw his Plea of Guilty.[1] The original Motion was filed November 7, 2005,[2] and a hearing was held on December 13 and 14, 2005. The Motion was denied, and on February 9, 2006, Defendant entered a conditional plea of guilty to Counts 1 and 4 of the Superceding Indictment.[3]

Defendant again moves to suppress evidence seized from his home as a result of a search that occurred when police officers paid a "knock and talk" visit. At the time of the search, Defendant lived with his girlfriend, Ms. Fletcher.

During the suppression hearing, Defendant testified that he asked the officers to leave his home after they were initially given permission to enter the house by Ms. Fletcher.[4] At the conclusion of the hearing, the Motion was denied based on evidence that Ms. Fletcher had voluntarily consented to the search and signed a written consent form. It was also found that

---

[1] Doc. No. 43.

[2] Doc. No. 29.

[3] Doc. No. 17 (Count one accused Defendant of being a felon in possession of a firearm and Count 4 accused Defendant of illegally manufacturing a firearm).

[4] Hearing Tr., Vol. II, pp. 124-125.

discovery of a sawed off shotgun in the home gave the officers reasonable cause to search the home, and obtain a search warrant.[5]

Defendant argues that this decision should be reconsidered in light of a recent Supreme Court case, *Georgia v. Randolph*,[6] which held that "a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant."[7]  Defendant contends that, in view of this recent holding, Ms. Fletcher's consent is not applicable to him.  I disagree -- the evidence produced at the hearing showed that Mr. Patterson was in a back room when Ms. Fletcher allowed two police officers to enter and search the home.

In denying the original Motion, a specific credibility finding was made concerning the testimony of both police officers -- their testimony was credited to the point that they opened a closet and spotted a sawed off shotgun and drug paraphernalia.[8]   Officer Cartwright testified that, before he opened the closet, he spoke to Mr. Patterson who said: "Go ahead and search.  I don't mind. We don't have anything to hide.  Go ahead and search." [9]

---

[5]Hearing Tr., Vol. II, p. 128, lines 1-16.

[6]__U.S.__, 126 S.Ct. 1515 (2006).

[7]*Id.* at 1528.

[8]Hearing Tr., Vol. II, p. 128, lines 1-4.

[9]Hearing Tr., Vol. I, p. 12, lines 18-21.

Mr. Patterson testified that he did not tell the officers to leave his home until after the closet was opened, and the gun and paraphernalia were discovered.[10]

After opening the closet, officer Cartwright stopped searching, but stayed at the house with Ms. Fletcher while she waited on her mother to pick up her young child. While at the home, officer Cartwright noticed other suspicious items including a locked bookshelf that emanated light. To avoid a possible fire from this light source, he opened the bookshelf and discovered marijuana plants.[11] After this discovery, Ms. Fletcher's mother arrived, the house was vacated and a search warrant was obtained.[12]

Police officers are not required to seek out all occupants to get permission to enter and search a home, but they cannot ignore the objections made by an occupant who is standing at the front door. "A party who objects to a search must be *present* and make his objections *clearly and directly* known to the officer."[13]

An exception to the warrant requirement permits a law enforcement officer to enter and search a home if he acts with probable cause and exigent circumstances exist.[14] Probable cause exists when it is reasonable to believe contraband or illegal activity will be found in a particular place.[15] Exigent circumstances exist when a life is threatened, a suspect's escape is imminent, or

---

[10] Hearing Tr., Vol II, p. 124, lines 12-14.

[11] Hearing Tr., Vol. I, pp. 15-16.

[12] Hearing Tr., Vol. I, p. 18.

[13] *Randolph*, 126 S.Ct. at 1530 (emphasis added) (citations omitted).

[14] *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

[15] *Kleinholz v. United States*, 339 F.3d 674, 676 (8th Cir. 2003).

evidence is about to be destroyed.[16]  A determination of whether a legal search occurred focuses on whether a law enforcement officer reasonably believed that probable cause and exigent circumstances existed.[17]

At the time officer Cartwright and officer Rowe entered the home, Mr. Patterson was not present and did not clearly and directly object to their entry or the initial search.  Once officer Cartwright opened the closet door, discovering weapons and drug paraphernalia, he had probable cause to believe that illegal activity was taking place in the home, and exigent circumstances existed requiring him to remain in the home to ensure that lives were not threatened.  Because Mr. Patterson did not expressly forbid the search of his home until after the closet was opened, *Georgia v. Randolph*[18] does not apply, and the Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 10th day of July 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[16]*United States v. Ball*, 90 F.3d 260, 263 (8th Cir. 1996).

[17]*Anderson*, 483 U.S. at 641.

[18]__U.S.__, 126 S.Ct. 1515 (2006).